UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Filed Electronically*

| | |
|---|---|
| KABUKI INDUSTRIES, INC. ) | |
|     Plaintiff, ) | Case No. 3:19-cv-63-DJH |
| ) | |
| v. ) | Removed from Hardin Circuit Court |
| ) | Civil Action No. 19-CI-00013 |
| LIBERTY MUTUAL INSURANCE ) | |
|     Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Ohio Security Insurance Company ("Ohio Security"), improperly named as Liberty Mutual Insurance,[1] pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal based on diversity of citizenship, to remove to the United States District Court for the Western District of Kentucky, Louisville Division, an action initiated in the Commonwealth of Kentucky, Hardin Circuit Court, Division III, Civil Action No. 19-CI-00013. Removal of this action is based on the following:

**The State Court Action, Amount in Controversy, and Timeliness of Removal**

1. On January 3, 2019, Plaintiff Kabuki Industries, Inc. ("Plaintiff") filed a "Complaint for Damages and Declaration of Rights" in Hardin Circuit Court, bearing Civil Action No. 19-CI-00013 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), true and complete copies of the process, pleadings and all other documents of record in the State Court Action are attached hereto as **Exhibit A**.

---

[1] "Liberty Mutual Insurance" is incorrectly named as the Defendant. Ohio Security Insurance Company issued the insurance policy which is the subject of Plaintiff's Complaint in this action and Ohio Security is the proper Defendant. To the extent any response of Liberty Mutual Insurance Company is necessary, Liberty Mutual Insurance Company hereby incorporates, adopts and restates by reference all arguments set forth herein.

2. Ohio Security issued to "Kabuki Industries Inc. dba Kansai Japanese Steakhouse & Sushi" an insurance policy, Policy No. BKS (17) 56200123, for the policy period from July 31, 2016 to July 31, 2017 (the "Policy").

3. The Policy includes tenants' improvements and betterments coverage up to a limit of insurance of $52,020, business personal property coverage up to a limit of $208,080, and commercial general liability coverage up to a limit of $1,000,000 per occurrence, subject to the Policy's other terms, conditions, and exclusions.

4. Plaintiff leases property located at 1611 North Dixie Highway, Elizabethtown, Kentucky 42701, where Plaintiff operates a restaurant. *See* Complaint ¶ 4.

5. Plaintiff alleges that on or about May 12, 2017, a hail storm caused damage "to the air conditioning unit located on the roof of the leased premises." Complaint ¶ 5.

6. Prior to filing the Complaint, Plaintiff communicated to Ohio Security that Plaintiff's landlord – who is not named as a party in this action – took the position that Plaintiff was responsible for the replacement of the air conditioning units.

7. Plaintiff alleges Ohio Security's (improperly named as Liberty Mutual Insurance) denial of coverage for the alleged damage to the air conditioning units was "wrongful and in violation of the policy of insurance," and Plaintiff claims it is entitled to recover damages "up to the recoverable limits of the policy, plus additional damages as set out hereinafter . . .." Complaint ¶¶ 18, 19.

8. Plaintiff further alleges that Ohio Security (improperly named as Liberty Mutual Insurance) "breached its implied covenant of good faith and fair dealing," which Plaintiff asserts "is both an actionable tort and breach of contract under Kentucky case law." Complaint ¶ 22.

9. Plaintiff alleges that Ohio Security (improperly named as Liberty Mutual Insurance) "has violated its common law duty of good faith by its treatment of Plaintiff's claims . . .." Complaint ¶ 23.

10. Plaintiff claims that as a result of the alleged violations, Plaintiff is entitled to recover damages, including attorney's fees and "any and all relief to which [Plaintiff] may be entitled[.]" Complaint ¶ 24, *ad damnum* ¶¶ 4, 5.

11. Kentucky state court rules of procedure prohibit parties seeking unliquidated damages from pleading a specific amount of alleged damages. *See* Ky. R. Civ. P. 8.01(2). Based on the nature of Plaintiff's claims and the allegations in the Complaint, including Plaintiff's demand for payment of the limits of the Policy, Plaintiff's request for tort damages for alleged violation of a duty of good faith, and Plaintiff's demand for attorney's fees, it appears that the amount in controversy exceeds $75,000, exclusive of interest and costs, and thus satisfies the threshold for diversity jurisdiction under 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446(c)(2).

12. According to the State Court's docket sheet, the Complaint was filed and a Civil Summons was issued on January 3, 2019 for service via certified mail, and the certified mail receipt was signed by Corporation Service Company on January 11, 2019. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441(b)(1) because it was filed within 30 days after the Complaint was filed and Ohio Security (improperly named as Liberty Mutual Insurance) received service of the Summons and Complaint.

## Diversity of Citizenship

13. Plaintiff is a corporation organized under the laws of Kentucky. *See* Complaint ¶ 2.

14. Defendant Ohio Security (improperly named in the Complaint as Liberty Mutual Insurance[2]) is an insurance company organized under the laws of New Hampshire, with its principal place of business in Massachusetts. Ohio Security is not a limited liability company and is not a citizen of Kentucky.

15. Removal of the State Court Action is proper under 28 U.S.C. § 1441(b) and this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there exists complete diversity of citizenship between Plaintiff (a citizen of Kentucky) and Defendant Ohio Security (a citizen of New Hampshire and Massachusetts, pursuant to 28 U.S.C. § 1332(c)(1)).

**Venue and Notice in the State Court Action**

16. The Western District of Kentucky, Louisville Division, is the federal district embracing Hardin Circuit Court, where the suit was originally filed. LR 3.1(b)(1). Venue in this Court is therefore proper under 28 U.S.C. § 1441(a) and LR 3.2(b).

17. Pursuant to 28 U.S.C. § 1446(d), the undersigned certifies that a copy of this Notice of Removal will be served promptly on Plaintiff's counsel and filed promptly with the Clerk of the Hardin Circuit Court, Hardin County, Kentucky. A copy of said written notice is attached as **Exhibit B**.

WHEREFORE, Ohio Security Insurance Company (improperly named as Liberty Mutual Insurance) gives notice that this action is removed to this Court and submits that this Court's diversity jurisdiction is properly invoked in this action.

---

[2] Liberty Mutual Insurance Company, though improperly named as a Defendant, is organized under the laws of Massachusetts, with its principal place of business in Massachusetts, and it is not a limited liability company. Neither Ohio Security nor Liberty Mutual Insurance Company is a citizen of Kentucky for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c).

Respectfully Submitted,

FROST BROWN TODD LLC

/s/ *Douglas W. Langdon*
Douglas W. Langdon
J. Kendrick Wells IV
400 West Market Street, 32nd Floor
Louisville, KY 40202
Phone: 502-589-5400 | Fax: 502-581-1087
E-mail: dlangdon@fbtlaw.com
kwells@fbtlaw.com

*Counsel for Ohio Security Insurance Company and Liberty Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all registered counsel, and I sent a true copy of the foregoing document and the notice of electronic filing via U.S. Mail, postage prepaid, and electronic mail to:

Dwight Preston
LEWIS & PRESTON, PLLC
102 W. Dixie Ave.
Elizabethtown, KY 42701
dpreston@lewisandpreston.com
*Counsel for Plaintiff*

/s/ *Douglas W. Langdon*
*Counsel for Ohio Security Insurance Company and Liberty Mutual Insurance Company*